UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MICHELLE CLARK,

              Plaintiff,

        - against -

TARGET CORPORATION,

              Defendant.
------------------------------X

**MEMORANDUM AND ORDER**

18 Civ. 5865 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Michelle Clark ("Clark" or "plaintiff") commenced this action against Target Corporation ("Target" or "defendant") in New York Supreme Court, New York County, asserting a single cause of action for negligence in connection with a slip-and-fall incident at Target's Herald Square location. Target, a Minnesota corporation, removed the action to this Court on the basis of diversity jurisdiction.[1] Defendant now moves for summary judgment

---

[1] 28 U.S.C. § 1332 grants district courts original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). While there is no dispute that complete diversity exists between the parties to this proceeding, the complaint is silent as to the amount in controversy. See ECF No. 1-1. The Court thus "looks to the facts alleged in the complaint, along with those alleged in the removal papers, to determine whether 'it appears to a reasonable probability' that the jurisdictional amount has been reached." Robinson v. Berkshire Life Ins. Co. of Am., No. 18 Civ. 7689 (JPO), 2019 WL 1614831, at *2 (S.D.N.Y. Apr. 16, 2019) (quoting United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994)).

Plaintiff's complaint alleges, inter alia, that as a result of defendant's purported negligence, plaintiff "sustain[ed] serious and severe personal injuries[,] . . . was obliged to expend and incur large sums of monies for medical care, aid and attention[,] . . . [and] was caused to become incapacitated from her usual vocation." ECF No. 1-1 at 4-6. Moreover, defendant's Notice of Removal documents plaintiff's refusal to stipulate to a $75,000 damages cap.

pursuant to Federal Rule of Civil Procedure 56.   For the reasons set forth herein, Target's motion is granted.

## I.   Background[2]

At approximately 8:09 a.m. on January 5, 2018, plaintiff entered the 34th Street entrance of the Target store located at 112 West 34th Street in Manhattan.   Plaintiff passed through the store's vestibule, which contained approximately seven feet of non-slip floor covering that extended from the vestibule's exterior door to the interior door of the store.   ECF No. 14-1 ¶¶ 9-10; ECF No. 14-2 at 1.   The vestibule's interior door opened to carpeted flooring that extended for approximately seventeen feet, from the vestibule's interior door to an area of the store's entrance where white tiled flooring began.   ECF No. 14-2 at 1.

_____

See ECF No. 1 ¶ 10.   While not dispositive, such refusal offers some evidence that the jurisdictional requirement is met.   See Felipe v. Target Corp., 572 F. Supp. 2d 455, 460 (S.D.N.Y. 2008).   In short, the Court is satisfied that the record evidences a "reasonable probability" that the amount in controversy exceeds the jurisdictional threshold.

[2] The following facts are drawn principally from defendant's Local Civil Rule 56.1 statement and counterstatement.   See ECF No. 14-1; ECF No. 18-1. Pursuant to Local Civil Rule 56.1, the Court treats as admitted the facts set forth in defendant's Rule 56.1 statement unless "specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."   Local Civil Rule 56.1(c).   Local Civil Rule 56.1(d) further requires that "[e]ach statement . . . controverting any statement of material fact, must be followed by citation to evidence which would be admissible."   Local Rule 56.1(d).   Plaintiff's Rule 56.1 counterstatement fails to comply with Local Civil Rule 56.1 in multiple respects, see ECF No. 17-2, thus thwarting the goal of "streamlin[ing] the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."   Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001).

Between the non-slip floor covering and the carpeting, approximately 24 feet of water absorbing material spanned the distance between the outdoor entrance and the tiled flooring.

Because a significant amount of snow had accumulated outside of the store's entrance from a snowstorm that struck New York City the day before, see ECF No. 14-1 ¶¶ 14, 15, a yellow caution cone had been placed at the edge of the carpeting that abutted the tiling, see ECF No. 14-1 ¶ 20. Video surveillance footage from the morning of the incident shows 28 individuals entering the store during the twenty-minute period prior to plaintiff's entrance, none of whom fell. See ECF No. 14-5.[3] Plaintiff, who testified that she observed the caution cone upon entering the store, see ECF No. 14-13 at 62:7-15, slipped and fell when she stepped from the carpeting onto the tiling. The accident allegedly caused plaintiff to sustain a fracture to her left hip.

Target employee Lakeisha Swaby, who reported to the area shortly after the incident, worked with plaintiff to complete a form referred to as a "Guest Incident Report." In the section of the Guest Incident Report that provided space for a description of the relevant area, Swaby transcribed plaintiff's response: "The

---

[3] In connection with its motion Target submitted video surveillance footage of the time period surrounding plaintiff's accident. See ECF No. 14-5 (video surveillance of the store's entrance area from approximately 7:50 a.m. to 8:30 a.m. on January 5, 2018).

floor was wet, there was a sign for wet floor but it was wetter than a normal wet floor." ECF No. 14-1 ¶¶ 43-46.[4] Myesha Blanchard, another Target employee who was on site when plaintiff fell, separately completed a form referred to as a "Team Member Witness Statement," in which Blanchard wrote, <u>inter alia</u>, that the floor was "slightly wet due to guest wet shoes from weather" and that "[t]he wet floor sign was present as guest was walking in fast." ECF No. 14-1 ¶ 46.

\* \* \*

Discovery in this case having concluded, Target now moves for summary judgment. Oral argument on Target's motion was held on April 28, 2020.[5]

Because plaintiff has failed to adduce evidence demonstrating that Target breached a duty of care either by creating or having legally sufficient notice of the allegedly dangerous condition in its store, Target's motion is granted.

---

[4] Ms. Swaby, who was deposed during discovery in this matter, testified that the language that she included on the Guest Incident Report was written "verbatim from what [plaintiff] told [her]." ECF No. 14-3 at 35:7-8.

[5] Oral argument was held telephonically in light of the ongoing COVID-19 pandemic. <u>See</u> ECF No. 19.

## II.  Legal Standards

### A. Summary Judgment[6]

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A fact is material when it might affect the outcome of the suit under governing law." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted) (quoting Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005)).  A factual dispute is genuine if a reasonable factfinder could decide in the nonmoving party's favor.  Id.

At summary judgment, a court must resolve all ambiguities and draw all justifiable inferences in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The moving party must "make a prima facie showing that it is entitled to summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986).  If it does so, then there is no issue for trial unless

---

[6] While New York law supplies the elements of plaintiff's negligence cause of action, the Court applies federal procedural law to determine whether defendant is entitled to summary judgment.  See Rivera v. Target Dep't Store, Inc., No. 15 Civ. 7846 (HBP), 2017 WL 2709745, at *4 (S.D.N.Y. June 22, 2017) ("[B]ecause the action has been removed to federal court, Rule 56's burden allocation scheme applies.").  Whereas New York state procedural law requires an affirmative showing by a defendant in order for the defendant to be entitled to summary judgment in a slip-and-fall case, in federal court "the absence of evidence at the summary judgment stage redounds to the detriment of the plaintiff, not the defendant." Ghali v. Wal-Mart Stores E., LP, No. 18 Civ. 2495 (CS), 2019 WL 1745704, at *4 (S.D.N.Y. Apr. 18, 2019).

the party opposing summary judgment presents "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson</u>, 477 U.S. at 249.

### B. Negligence

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" <u>Lerner v. Fleet Bank, N.A.</u>, 459 F.3d 273, 286 (2d Cir. 2006) (quoting <u>Solomon ex rel. Solomon v. City of New York</u>, 489 N.E.2d 1294, 1294 (N.Y. 1985)). The plaintiff need not offer direct evidence in support of each element of its negligence claim. Rather, "it is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant . . . may be reasonably inferred." <u>Kramer v. Showa Denko K.K.</u>, 929 F. Supp. 733, 747 (S.D.N.Y. 1996) (quoting <u>Schneider v. Kings Highway Hosp. Ctr., Inc.</u>, 490 N.E.2d 1221 (N.Y. 1986)).

Defendant does not dispute that it owed a duty to plaintiff to maintain its premises in a safe condition. <u>See</u> ECF No. 14 at 6. It notes correctly, however, that "[w]here inclement weather occurs, landowners are neither 'required to cover all of [their] floors with mats, nor to continuously mop up all moisture resulting from tracked-in [precipitation].'" <u>Ellin v. Best Buy Stores, L.P.</u>, No. 1:16 Civ. 8855 (ALC), 2018 WL 1281814, at *3 (S.D.N.Y. Mar. 7,

2018) (quoting <u>Hickson v. Walgreen Co.</u>, 56 N.Y.S.3d 157, 159 (N.Y. App. Div. 2d Dep't 2017)).   This reflects the common-sense recognition, reflected in an abundance of case law, that it is virtually impossible to keep commercial premises entirely free of water caused by tracked in rainwater or melted snow during periods of inclement weather, and that it would be both impractical and unreasonable to impose upon store owners an obligation to constantly remedy any such condition.   <u>Cf.</u> <u>Gibbs v. Port Auth. of New York</u>, 794 N.Y.S.2d 320, 323 (App. Div. 1st Dep't 2005) ("[Defendant] did not have an obligation to provide a constant remedy to the problem of water being tracked into a building in rainy weather.").

To establish breach of duty in a premises liability action, "the plaintiff must show that the landowner either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." <u>Baez v. Jovin III, LLC</u>, 839 N.Y.S.2d 201, 202 (App. Div. 2d Dep't 2007).   <u>See</u> <u>also</u> <u>Gonzalez v. Wal-Mart Stores, Inc.</u>, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) ("Under New York law . .  to establish a prima facie case of negligence against a landowner where an alleged dangerous condition on the land causes an injury, the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that

the     landowner     had actual or constructive notice of     the
condition.").

With respect to actual notice, the plaintiff "must present
proof that 'defendants were, in fact, aware of the dangerous
condition.'" Castellanos v. Target Dep't Stores, Inc., No. 12
Civ. 2775 (GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013)
(quoting Sanchez v. Pathmark Stores, Inc., No. 04 Civ. 1159 GBD
RLE, 2010 WL 1191633, at *2 (S.D.N.Y. Mar. 8, 2010), report and
recommendation adopted, No. 04 Civ. 1159 (GBD) (RLE), 2010 WL
1191451 (S.D.N.Y. Mar. 26, 2010)).  "[A] Defendant is aware of a
dangerous condition if it has either created the condition or has
received reports or complaints about the condition." Buskey v.
Bos. Mkt. Corp., No. 04 Civ. 2193 (SJ), 2006 WL 2527826, at *6
(E.D.N.Y. Aug. 14, 2006).

Constructive notice, by contrast, "requires a defect or
dangerous condition to be visible for enough time to allow
defendant to remedy the condition." Nussbaum v. Metro-N. Commuter
R.R., 994 F. Supp. 2d 483, 495 (S.D.N.Y. 2014), aff'd, 603 F. App'x
10 (2d Cir. 2015), and aff'd, 603 F. App'x 10 (2d Cir. 2015). See
also Casierra v. Target Corp., No. 09 Civ. 1301, 2010 WL 2793778,
at *2 (E.D.N.Y. July 12, 2010) ("To constitute constructive notice,
a defect must be visible and apparent and it must exist for a
sufficient length of time prior to the accident to permit

8

defendant's employees to discover and remedy it") (quoting Gordon
v. Am. Museum of Natural History, 492 N.E.2d 774 (N.Y. 1986)).[7]

## III. Discussion

Plaintiff does not contend that defendant created the
slippery condition that allegedly caused her injury. Thus, the
Court need only address whether defendant had legally sufficient
notice of the condition such that defendant's failure to remedy
constituted a breach of its duty of care. See Ellin, 2018 WL
1281814, at *3 ("A landowner, who did not create the dangerous
condition, is liable for negligence when the dangerous condition
causes injury only when the landowner had actual or constructive
notice of the condition.").

### A. Actual Notice

Defendant points to the absence of evidence that it had actual
notice (i.e., awareness) of the dangerous condition, see ECF No.
14 at 12, thereby shifting the burden to plaintiff to create an
issue for trial. Plaintiff, in turn, maintains that Target

---

[7] Plaintiff argues in opposition that "[u]nder New York law, to meet its
burden on the issue of constructive notice, a defendant is required to offer
some evidence as to when the accident site was last cleaned or inspected prior
to plaintiff's fall." ECF No. 17 at 14. As noted previously, however, see
supra at 5 n.6, federal procedural law does not require such a showing. See
Ghali, 2019 WL 1745704, at *4 ("While in New York state court the Defendant
would have to demonstrate that it neither created the condition nor had notice
of it, in federal court the Defendant, as the moving party, may point to the
absence of evidence that it caused or had notice of the hazard and thereby shift
the burden to the Plaintiff to create an issue for trial through specific
factual assertions.").

employee Myesha Blanchard was aware of the condition ten minutes before the accident occurred, claiming that, "in [Blanchard's] own incident report, [Blanchard] noted that she observed the wet condition at least ten minutes before the accident."  ECF No 17 at 3-4.  However, a review of that document reveals that plaintiff's sole argument regarding Target's actual notice is premised upon a misinterpretation of the document's contents.

The relevant section of the document begins with a pre-printed question:  "How were you made aware of the incident? (*Check all that apply*)."  ECF No. 14-3 at 3.  Following a list of six pre-printed responses that are listed alongside unmarked check boxes, the form requests that the employee "describe the condition of the area at that time."  Id.  Ms. Blanchard's description states: "slightly wet (some water drops)."  Id.  While the form's reference to "the condition of the area at that time" plainly contemplates a description of the condition of the area *at the time of the incident*, plaintiff points to the portion of the form where Blanchard indicated that she had been in the relevant area ten minutes prior to the accident, and claims that the description of the area as "slightly wet" was in reference to the condition of the area ten minutes before the accident took place.  See ECF No. 17 at 11-12 ("In Ms. Blanchard's witness statement, Ms. Blanchard checked off that she was 'through the area before the incident,'

and then wrote in 10 minutes, describing the condition at that time as 'slightly wet (some water drops)."').

Even assuming, arguendo, that plaintiff's interpretation is correct (i.e., that a Target employee was aware that there were "some water drops" on the floor ten minutes prior to plaintiff's accident), it is hardly clear that the transient condition of a floor being "slightly wet" due to water having been tracked into a store by a regular inflow of customers would even constitute notice of a condition in need of remedying.  In any event, plaintiff all but concedes that Blanchard lacked actual notice of the purportedly dangerous condition when she explains that Blanchard, who can be seen in Target's video surveillance footage during the minutes leading up to the accident, does not appear to ever even have looked in the direction of area in which plaintiff fell.  See ECF No. 17 at 8.  For reasons that are unclear to the Court, plaintiff attaches as "Exhibit A" to her opposition "[s]till photos of Ms. Blanchard walking past the slippery condition *but not looking at it*."  Id. (emphasis added).  Obviously, such statements (and the photos themselves) serve only to undercut plaintiff's argument that Blanchard "saw the wet floor at least ten minutes before the accident but did nothing to address it." ECF No. 17 at 2.

In light of the foregoing, and given the absence of any

evidence in the record that defendant received complaints about the area during the period before plaintiff slipped, plaintiff's negligence claim fails as a matter of law insofar as it is premised on an actual notice theory. Cf. Rivera, 2017 WL 2709745, at *5 ("[C]ourts applying New York law have rejected allegations of actual notice where defendant has presented evidence that, before the accident, defendant's employees who were responsible for the area were unaware of the alleged condition and had not received complaints about the area.").

### B. Constructive Notice

The parties' constructive notice arguments are premised principally upon competing (albeit equally speculative) temporal inferences drawn from Target's video surveillance footage regarding the amount of time that the floor was wet prior to plaintiff's accident.

Defendant argues, for example, that "the surveillance footage demonstrates that the alleged condition could not have existed for longer than 95 seconds prior to plaintiff's fall [because] the footage shows another guest pass through the area where plaintiff fell 95 seconds prior to the fall, without incident." ECF No. 14 at 10; see also ECF No. 18 at 11. An equally plausible inference to be drawn from the surveillance footage, however, is that the condition existed when earlier entrants passed through the area

12

and that the absence of any incident was entirely the result of an unknowable combination of variables (e.g., degree of caution or traction of footwear).

Plaintiff, for her part, points to a video clip that reveals that, approximately seventeen minutes before plaintiff fell, another customer nearly slipped and fell in the very same area. See ECF No. 14-5 at 7:52-53. According to plaintiff, the fact that the video surveillance depicts a different guest "gliding/nearly slipping on the wet floor . . . confirms[] that for at least approximately seventeen minutes prior to the Plaintiff's accident, the condition complained of existed." ECF No. 17 at 7. As with defendant's argument, such an inference, while not implausible, is purely speculative. It is, for example, entirely possible that said customer slipped on an accumulation of water that had dissipated by the time that Clark -- who could have slipped on water that was tracked into the store by the individuals who immediately preceded her -- passed through the same area.

In short, while there is no dispute that the floor near the entrance of the Target at the time of plaintiff's accident was wet, plaintiff has failed to submit evidence to establish how long the floor was wet with the particular accumulation of water that caused plaintiff to slip and fall. The absence of such evidence is fatal to plaintiff's arguments regarding constructive notice.

See <u>Early v. Hilton Hotels Corp.</u>, 904 N.Y.S.2d 367, 369 (App. Div. 1st Dep't 2010) ("[T]he absence of evidence demonstrating how long a condition existed prior to a plaintiff's accident constitutes a failure to establish the existence of constructive notice as a matter of law.").

Because plaintiff has failed to present evidence to prove an essential element of her claim (i.e., actual or constructive notice), her negligence claim fails as a matter of law.

### C. Plaintiff's Remaining Arguments

Plaintiff makes a variety of additional arguments in opposition to defendant's motion that relate indirectly, if at all, to its negligence claim, and which the Court finds, in any event, to be without merit.  For example, while plaintiff concedes that upon entering the store she noticed the yellow caution cone positioned on the carpet in front of her, plaintiff appears to take issue with the fact that only a single cone had been used and that the single caution cone had been placed on the carpet as opposed to the tile.  <u>See, e.g.</u>, ECF No. 17 at 13 (questioning "[t]he reasonableness of placing a single caution cone the day after a major snow storm on carpet a step before what was clearly a slippery and trap-like tile area"); ECF No. 17 at 1 (noting "the placement of a a [*sic*] single caution cone on carpet, not tile").

First, having testified that plaintiff observed the caution

14

cone upon entering the store, and having acknowledged that the cone was placed such that customers were required to navigate around it in order to enter the store, see ECF No. 14-7 at 62:7-15, it is unclear how an additional caution cone would have increased the effectiveness of the store's warning to its customers. Moreover, given that an ordinary, reasonable person would know that an accumulation of water on tiled flooring is more likely to be slippery than an accumulation of water on carpeted flooring, and because there is no dispute that the caution cone, while positioned on the carpet, was placed in close proximity to (i.e., approximately one foot from) the area of the tiling on which plaintiff slipped, the Court rejects as meritless any argument premised upon the caution cone's purportedly improper placement.

Insofar as plaintiff's complaint can be read to suggest that defendants were negligent for failing to have an employee specifically assigned to the continuous monitoring and inspection of the tiled floor near the store's entrance, see ECF No. 17 at 5-6, case law makes clear that store owners –- for reasons supported by considerations of commercial reasonableness and common sense to which the Court previously alluded, see supra at 7 -- have no such obligation. See Nussbaum, 994 F. Supp. 2d at 491 ("New York courts have long held that a defendant is not required to constantly remove moisture from the ground that has been tracked into a

building lobby, subway car, train car, or other similar location due to precipitation") (collecting cases). Finally, plaintiff has proffered no facts which would make the provision of 24 feet of water absorbing floor covering insufficient as a matter of law to meet the standard of reasonableness in this context.

## IV.  Conclusion

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully requested to terminate the motion pending at ECF No. 14, and to close this case.

**SO ORDERED.**

DATED:    New York, New York
          May 4, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

16